IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA and AMERICAN HOME ASSURANCE COMPANY,

    Plaintiffs,

v.

ELECTRIC TRANSIT INCORPORATED SKODA, a.s. SKODA OSTROV, s.r.o., AAI CORPORATION and CZECH EXPORT BANK,

    Defendants.
_____/

AAI CORPORATION,

    Counterclaim Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA and AMERICAN HOME ASSURANCE COMPANY,

    Counterclaim Defendants.
_____/

AAI CORPORATION,

    Third-Party Plaintiff,

v.

AMERICAN INTERNATIONAL GROUP, INC.,

    Third-Party Defendant.
_____/

No. C 04-3435 JSW (MEJ)

**ORDER RE: AAI CORPORATION'S REQUEST TO COMPEL PRODUCTION OF CRITICAL EMAILS**

1   This case arises out of an insurance contract related to a construction project involving the
2   above named defendants and San Francisco Municipal Railway ("MUNI"). Defendant AAI
3   Corporation ("AAI") joined third-party defendant American International Group, Inc. ("AIG") to
4   resolve an issue of indemnity. AAI and AIG are now before this Court regarding an outstanding
5   discovery dispute whereby AIG has denied AAI's request to produce certain emails and back-up
6   tapes containing email correspondence that AAI believes are relevant to support its claims. On April
7   5, 2006, the parties submitted a joint meet-and-confer letter and requested a telephonic discovery
8   conference with this Court to resolve the issue.

9   AAI seeks in its joint meet-and-confer letter an order pursuant to Federal Rule of Civil
10  Procedure 37(a) compelling AIG to: (1) immediately produce emails and other electronic documents
11  of six AIG employees who worked in AIG offices in Europe; and (2) permit AAI's technology
12  expert, Samuel ("Sandy") Goldstein, to retrieve responsive emails from certain AIG archived tapes,
13  pursuant to an email retrieval protocol Mr. Goldstein has prepared, with AIG paying the costs of Mr.
14  Goldstein's work. *See* Joint Meet-and-Confer Letter ("JMCL") dated April 5, 2006, p. 1.

15  Regarding its first request, AAI argues that AIG has repeatedly assured AAI that it will
16  produce to AAI the emails and other electronic documents of the six AIG employees in Europe, but
17  has failed to do so. JMCL at 2. AAI further asserts that AIG's failure to produce these emails has
18  prevented AAI from commencing deposition discovery. *Id.*

19  Regarding its second request, AAI argues that AIG has discovered 1,303 archived backup
20  tapes that may contain responsive emails of importance but refuses to review the contents of these
21  tapes, much less produce them. *Id.* AAI asserts that its outside expert, Mr. Goldstein, can efficiently
22  conduct a review of the tapes using a precise, straightforward process he has identified and set forth
23  in a protocol. *Id.* AAI argues that the tapes are relevant to AIG's assertion that AAI is a joint
24  venturer with ETI and not a proper bond claimant. *Id.* Specifically, AAI argues it is imperative that
25  AAI obtain internal AIG emails to determine exactly what AIG knew of the AAI-ETI relationship,
26  since such information bears directly on its fraud claims and is likely to be probative of AIG's intent.
27  JMCL at 2-3.
28

2

In response to AAI's first request, AIG asserts that it has acquired and will produce for AAI by the date of the submitted joint meet-and-confer letter (April 5, 2006) all of the relevant accessible electronic data available, which includes a revised list of 15 domestic employees and three employees located overseas. JMCL at 4.

In response to AAI's second request, AIG argues that AAI's demands for the backup tapes are nothing less than an effort to turn this case into a "meaningless discovery dispute" while avoiding the substantive issues pertaining to the case. *Id.* Specifically, AIG argues that there is little probability, in any, that any relevant data exists on the tapes which was not already included in AIG's hard copy production of all non-privileged documents retrieved from AIG files. *Id.* In addition, AIG argues that Mr. Goldstein's proposed protocol for reviewing the tapes requires the use of very expensive equipment which AIG uses in its daily operations and therefore, allowing Mr. Goldstein to review the tapes will be disruptive to AIG's business. JMCL at 5. Further, AIG argues the tapes would have to be copied, sorted, restored, indexed, searched, and reviewed at an estimated cost in excess of $2,000,000; costs which far outweigh the lack of any probative value likely to be obtained. *Id.* As a final matter, AIG argues pursuant to relevant case law that it is not required to search the tapes and, as such, if the Court should allow Mr. Goldstein to search the tapes, the burden and costs must be shifted to AAI. *Id.*

Before the Court can decide the merits of each argument related to the requested emails and backup tapes containing email correspondence, it needs more information. Accordingly, the Court ORDERS the following:

1) AAI must provide to the Court by June 15, 2006, at 10:00AM, a declaration from its expert, Sandy Goldstein, setting forth Mr. Goldstein's most accurate assessment of how much time it would take him to retrieve the requested information from the backup tapes and how much the retrieval will cost financially; and

2) AIG must provide to the Court by June 15, 2006, at 10:00AM, a declaration stating

3

why and how it would disrupt AIG's daily business operations to allow Mr. Goldstein to retrieve the information contained on the backup tapes.

**IT IS SO ORDERED.**

Dated: 6/1/06

MARIA-ELENA JAMES
United States Magistrate Judge