IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA and AMERICAN HOME ASSURANCE COMPANY,

    Plaintiffs,

v.

ELECTRIC TRANSIT INCORPORATED, SKODA, a.s. SKODA OSTROV, s.r.o., AAI CORPORATION and CZECH EXPORT BANK,

    Defendants.
_____/

AAI CORPORATION,

    Counterclaim Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA and AMERICAN HOME ASSURANCE COMPANY,

    Counterclaim Defendants.
_____/

AAI CORPORATION,

    Third-Party Plaintiff,

v.

AMERICAN INTERNATIONAL GROUP, INC.,

    Third-Party Defendant.
_____/

No. C 04-3435 JSW (MEJ)

**ORDER DENYING AAI CORPORATION'S REQUEST TO COMPEL PRODUCTION OF PERFORMANCE EVALUATIONS OF RELEVANT AIG EMPLOYEES**

## I. INTRODUCTION

This case arises out of an insurance contract related to a construction project involving the above named defendants and San Francisco Municipal Railway ("MUNI"). Defendant AAI Corporation ("AAI") joined third-party defendant American International Group, Inc. ("AIG"), an insurance company that provides bonds, to resolve an issue of indemnity. AAI and AIG are now before this Court regarding an outstanding discovery dispute whereby AIG has denied AAI's request to produce performance evaluations of relevant AIG employees who worked on the MUNI construction project and who may have been involved with any bond-related decisions. On April 5, 2006, the parties submitted a joint meet-and-confer letter and requested a telephonic conference with this Court to resolve the issue. The Court, having reviewed the parties' documents and relevant law, finds a telephonic conference unnecessary and instead orders that AAI's request to compel production of performance evaluations is DENIED for the reasons set forth below.

## II. BACKGROUND

Defendant Electric Transit Incorporated ("ETI") is owned by defendants AAI and Skoda, 35% and 65% respectively. ETI won a bid with MUNI to supply buses for its public transportation system. AIG agreed to be a surety on the project, issued a Labor and Materials Bond, and AAI and Skoda signed an indemnity agreement with AIG stating that the parties agreed to be jointly and severally liable for the original amount of the bond up to each company's respective ownership interest. AAI then entered into a subcontract with ETI to undertake portions of the project. ETI eventually faced financial trouble and stopped paying AAI for its work under the subcontract. AAI made a formal demand to AIG for payment under the bond, which AIG investigated, but never paid.

AAI joined AIG as a third-party defendant, after which AIG filed a Complaint for Declaratory Relief seeking judgment on five counts, including that AAI is a joint venturer and has no right or standing to claim upon the Labor and Materials Bond. AAI subsequently filed a third-party complaint asserting several claims, including that AAI is entitled to recovery under the Labor and Materials Bond.

During the course of discovery, AAI requested from AIG that is produce performance

1 evaluations of relevant AIG employees who worked on the MUNI project and may have been
2 involved with the decision to deny AAI's demand for payment under the bond. AIG denied the
3 request. The parties held three meet-and-confer sessions in person on July 21, 2005, November 10,
4 2005, and January 18, 2006, but were unable to come to agreement.

### III. DISCUSSION

AAI seeks an order pursuant to Federal Rule of Civil Procedure 37(a) compelling AIG to produce performance evaluations for relevant AIG employees who worked on the MUNI project, including performance evaluations concerning such employees work on other projects. Joint Meet-and-Confer Letter ("JMCL") dated April 5, 2006, p. 1. AAI argues that both kinds of performance evaluations (those regarding the MUNI project and those regarding other projects) are relevant to the subject matter of this case, which concerns AIG's denial of payment under its Labor and Materials Bond. *Id.* Specifically, AAI asserts that it is entitled to its own assessment of AIG's employees' respective performances in the decision process that led to a denial of AAI's claim under the bond. JMCL at 2. AAI further argues that the performance evaluations for projects other than the MUNI project are relevant because an employee's performance on other projects will bear upon that employee's performance in denying AAI's bond claim. *Id.* That is, AAI argues that the performance evaluations show an employee's ethics, decision-making abilities, training, and work habits. *Id.*

In response, AIG argues that AAI's contention that the review of an employee may have some bearing on that employee's motive or performance in handling AAI's payment demand does not in any way support or otherwise relate to the alleged claims at issue. JMCL at 3. In addition, AIG asserts that AAI has not provided a single fact establishing a compelling need for the documents requested necessary to overcome the privacy rights of the individual employees. JMCL at 5. As a final matter, AIG argues that AAI's demand for performance evaluations is nothing more than an "overbroad fishing expedition" in which AAI hopes, without any reasonable basis, to discover evidence of past criticism of acts which AAI alleges but cannot provide any evidence. *Id.*

**A. Legal Standard**

Federal Rule of Civil Procedure 37(a) allows a party, upon reasonable notice, to apply for an

3

1  order compelling discovery or disclosure. Such orders are permitted in various circumstances,
2  including when a party fails to respond for a request for production. Fed. R. Civ. P. 37(a)(2)(B). In
3  deciding a motion to compel, courts must evaluate such factors as timeliness, good cause, utility and
4  materiality. *CSC Holdings, Inc. v. Redisi,* 309 F.3d 988, 992 (7th Cir. 2002). Courts may deny
5  motions to compel that would not aid in the exploration of a material issue. *Isr. Travel Advisory*
6  *Serv., Inc. v. Isr. Identity Tours, Inc.,* 61 F.3d 1250, 1254 (7th Cir. 1995). Courts may also deny
7  motions to compel on the ground that the discovery sought would impose an undue burden on the
8  responding party or that its benefits are outweighed by its burdens. *See* Fed. R. Civ. P. 45(c)(3)(A);
9  *see also* Fed. R. Civ. P. 26(b)(2)(iii).

10  When a party asserts a privilege to deny a request for production of documents in a civil
11  diversity case, as AIG has in the case at bar, state law governs. *AMCO Ins. Co. v. Madera Quality*
12  *Nut, LLC,* 2006 WL 931437, 4 (E.D. Cal. 2006) (citing *Star Editorial, Inc. v. U.S. D. for C. D. of*
13  *Cal.,* 7 F.3d 856, 859 (9th Cir. 1993)). In California, if a responding party asserts a privilege to
14  protect an employee's personnel file (including all of its contents), courts will balance the compelling
15  need for the discovery against the employee's fundamental right of privacy. *Cutter v. Brownbridge,*
16  183 Cal. App. 3d 836, 843 (1986) (overruled on other grounds). When compelled discovery intrudes
17  on constitutionally protected areas, it cannot be justified solely on the ground that it may lead to
18  relevant information. *Board of Trustees v. Super. Ct.,* 119 Cal. App. 3d 516, 525 (1981). Even
19  when discovery of private information is found directly relevant to the issues of ongoing litigation, it
20  will not be automatically allowed without a careful balancing of the need for the information against
21  the privacy interest. *Id.* (citing *City of Santa Barbara v. Adamson,* 27 Cal. 3d 123, 130 (1980)). In
22  conducting its balancing, courts should consider whether the information is relevant and, if so,
23  whether less intrusive means could yield the information sought. *El Dorado Sav. & Loan Assn. v.*
24  *Super. Ct.,* 190 Cal. App. 3d 342, 346 (1987).

25  **B.     Application to Case at Bar**

26  Here, AAI has neither set forth a compelling need for the performance evaluations sought,
27  nor made a showing that the performance evaluations are material to its claims sufficient to outweigh

28

the employees' privacy interests. It merely states that the relevance of the performance evaluations is self-evident in that AAI is entitled to AIG's own assessment of its own employees performance on the MUNI project and to question those employees accordingly at deposition and trial. JMCL at 2. It further states that the evaluations pertaining to projects other than the MUNI project are critical because praise or criticism of an employee's performance on one project is relevant to his/her performance on the MUNI project. *Id.* Even if private information is found directly relevant to the issues of a case, it will not be automatically allowed without a careful balancing of the need for the information against the privacy interests involved. *Board of Trustees,* 119 Cal. App. 3d at 525 (citing *City of Santa Barbara,* 27 Cal. 3d at 130)).

In balancing AAI's need for the performance evaluations against the AIG employees' privacy interests, the Court finds that the privacy interests prevail. The California Constitution secures to all individuals a right of privacy. *El Dorado Sav. & Loan Assn.,* 190 Cal. App. 3d at 345. This right of privacy is a fundamental interest essential to those rights guaranteed by the First, Third, Fourth, Fifth and Ninth Amendments to the U.S. Constitution. *Id.* (citing *Board of Trustees*, 119 Cal. App. 3d at 524-525). Although not absolute, the right of privacy may only be abridged when there is a compelling need to do so. *El Dorado Sav. & Loan Assn.,* 190 Cal. App. 3d at 345. The Court finds that AAI has not shown the requisite compelling need. AAI's request, while possibly remotely relevant to some of its affirmative defenses and claims, does not outweigh protecting the employees' privacy interests. Personnel files (which include results of examinations and evaluations of work performance) contain vast amounts of personal data and access is often drastically limited only to supervisory personnel directly involved with the individual. *Teamsters Local 856 v. Priceless, LLC,* 112 Cal. App. 4th 1500, 1515 (2003) (citing *Dep't. of the Air Force v. Rose,* 425 U.S. 352, 377 (1976) (personnel files are limited only to supervisory personnel directly involved with the individual, apart from the personnel department itself, frequently thus excluding even the individual himself)). Permitting disclosure of such private information absent a compelling need would result, as federal courts have also determined, in a "clearly defined, serious, and unnecessary injury to the privacy" of employees who are not parties to this lawsuit. *Raddatz v. Std. Register Co.,* 177 F.R.D.

5

446 (D. Minn. 1997). Accordingly, the Court DENIES AAI's request to compel AIG to produce the performance evaluations of certain AIG employees.

## IV.   CONCLUSION

Based on the foregoing analysis, the Court hearby DENIES AAI's request to compel production of performance evaluations of relevant AIG employees.

**IT IS SO ORDERED.**

Dated: 6/1/06

MARIA-ELENA JAMES
United States Magistrate Judge

6