IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, a corporation, and AMERICAN HOME ASSURANCE COMPANY, a corporation,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>ELECTRIC TRANSIT INCORPORATED, an Ohio corporation and joint venture of SKODA, a.s., a corporation, SKODA, a.s., SKODA OSTROV, s.r.o., a corporation, AAI CORPORATION, a corporation, and CZECH EXPORT BANK, a corporation,<br><br>　　　　Defendants.<br>_____/ | No. C 04-03435 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON FEBRUARY 9, 2007 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively DENIES** Plaintiffs' motion for summary judgment.

The parties shall each have 20 minutes to address the following questions:

1. Why should the Court not be persuaded by the New York authority for the proposition that reliance on federal cases interpreting the Miller Act is misplaced where the Bond at issue specifically references California Civil Code Section 3247? What specific California authority interpreting the referenced California Civil Code section stands for the proposition that "the law in California, like New York, does not prohibit joint venturers, insiders, indemnitors or alter egos from claiming under a payment bond"? (*See* Opp. Br. at 15.)

2. If the Court must resolve the issue of whether AAI Corporation functioned as a joint venture or insider, why is that not a question of disputed material fact properly resolved by the jury?
   *See, e.g.,*
   - Rossi Declaration, ¶ 12, Ex. 33 at AH 000239 (memo from AAI to AIG indicating that "[d]istinction must be made between ETI and AAI. The holder of the MUNI contract is ETI. AAI is a 35% owner of ETI and has a subcontract from ETI for about $54 million.");
   - Rossi Declaration, ¶ 12, Ex. 36 at 20:18-21:25, 25:16-26:1, Ex. 2 at 65:3-21, 106:13-108:8, Ex. 60 (testimony and exhibit evidencing officers of ETI took direction from ETI Board of Directors, not from AAI);
   - Rossi Declaration, ¶ 12, Ex. 8 at ¶ 7.14, Ex. 9 at 89:6-23, 91:13-20, 92:6-19; Ex. 36 at 154:8-155:17 (at relevant times, ETI Board of Directors was controlled by majority shareholder, Skoda);
   - Erkeneff Opposition Declaration, ¶ 6 (President of AAI's impression that ETI and AAI functioned as separate and distinct corporations; subject to Defendants' objections);
   - Rossi Declaration, ¶ 12, Ex. 2 at 53:8-18, 55:4-11 (ETI did not function as a joint venture between AAI and Skoda with only a single undertaking).

3. What are the parties' contentions regarding the significance and possible estoppel effect of a footnote in an AAI progress report (AIG Exs. 19, 20)? Where in the voluminous record can this Court locate testimony or evidence to interpret the parties' contemporaneous understanding of its significance? Is there a dispute of fact regarding whether the statement that the "cost above contract value will be funded by shareholders" directly refers to the MUNI project losses or to "the contract framework agreement"?

4. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: February 8, 2007

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2