United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, a corporation, and AMERICAN HOME ASSURANCE COMPANY, a corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ELECTRIC TRANSIT INCORPORATED, an Ohio corporation and joint venture of SKODA, a.s., a corporation, SKODA, a.s., SKODA OSTROV, s.r.o., a corporation, AAI CORPORATION, a corporation, and CZECH EXPORT BANK, a corporation,<br><br>Defendants. | No. C 04-03435 JSW<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

Now before the Court is the motion for summary judgment against the Third-Party Complaint of AAI Corporation ("AAI") filed by Plaintiffs and Counterclaim Defendants National Union Fire Insurance Company of Pittsburgh, Pennsylvania and American Home Assurance Company, and Third-Party Defendant, American International Group, Inc. (collectively "AIG"). Having carefully considered the parties' arguments, the relevant legal authority, and having had the benefit of oral argument, the Court hereby DENIES AIG's motion for summary judgment. The Court also GRANTS Electric Transit Inc.'s motion for joinder in AAI's opposition.

**BACKGROUND**

In 1997, following a competitive bid process, the San Francisco Municipal Transportation Agency ("MUNI") awarded Electric Transit Inc. ("ETI") a fixed-price contract to design and build 273 electric trolley buses ("ETB") at a total cost of $191,728,114. On this project, ETI used Skoda, a.s. ("Skoda"), a world leader in ETB design and manufacture and a large Czech Republic engineering conglomerate, as well as AAI as the shareholders and major subcontractors, with Skoda maintaining a 65% equity interest and AAI maintaining a 35% interest.

In June 1997, after its due diligence, AIG issued the subject Bond, a performance bond and a bond to cover an advance made by MUNI to ETI. The bonds named ETI as the sole principal and, in a separate indemnity agreement, AIG agreed to take 100% indemnity from ETI and 35% and 65% from AAI and Skoda respectively. In late 2001, Skoda declared bankruptcy in the Czech Republic and from 2002 onward, ETI was able to complete its obligations under the MUNI contract with AAI's continued performance on the contract. ETI faced a severe cash shortage as a result of Skoda's financial problems and ceased paying AAI on its fixed-price subcontract. AAI continued to perform and on November 18, 2003, demanded payment under the Bond from AIG in addition to informing AIG of a negotiated settlement with MUNI which relieved AIG of substantial liability. In August 2004, after the MUNI settlement, AIG denied AAI's Bond claim by commencing this action.

The Court will address additional specific facts as required in the analysis.

**ANALYSIS**

**A.   Standards Applicable to Motions for Summary Judgment.**

A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "In considering a motion for summary judgment, the court may not weigh the

evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if it may affect the outcome of the case. *Id.* at 248. If the party moving for summary judgment does not have the ultimate burden of persuasion at trial, that party must produce evidence which either negates an essential element of the non-moving party's claims or that party must show that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party meets his or her initial burden, the non-moving party must go beyond the pleadings and, by its own evidence, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In order to make this showing, the non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). In addition, the party seeking to establish a genuine issue of material fact must take care to adequately point a court to the evidence precluding summary judgment because a court is "'not required to comb the record to find some reason to deny a motion for summary judgment.'" *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (quoting *Forsberg v. Pacific Northwest Bell Telephone Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988)). If the non-moving party fails to point to evidence precluding summary judgment, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

**B.     California Authority Does Not Limit Claimant's Right to Recover.**

The central dispute between the parties is whether AAI functioned as an "insider" and is therefore not entitled to payment on the bond as a matter of law. AIG argues that federal case

law interpreting the Miller Act should guide the Court's analysis. (Motion at 9-19.) Federal courts interpreting the Miller Act have rejected the claims of partners, joint venturers and "insiders" of the principal on sureties. *See, e.g., Hardaway v. National Surety Co.*, 211 U.S. 552, 560-61 (1909). AIG contends that the facts are undisputed that AAI and Skoda held themselves out as joint venturers with ETI. However, the Court is unpersuaded that the federal authority interpreting the Miller Act should apply in a case in which the subject bond does not cover a federal public works project, where the United States is not a party and where the bond, by its own explicit terms, is subject to the California Civil Code. (*See* Rossi Decl., ¶ 12, Ex. 19.) *See also U.S. ex rel. Union Bldg. Materials Corp. v. Hass & Haynie Corp.*, 577 F.2d 568, 571 n.1 (9th Cir. 1978) (holding that in Miller Act cases to which the United States is not a party, i.e., a dispute between the prime contractor and the subcontractor, state rather than federal substantive law prevails).

In its unpublished decision in *Cleveland Wrecking Co. v. Nova Casualty Co.*, 2001 WL 1823604 (W.D.N.Y 2001), the New York district court found that "[t]here is nothing under the laws of New York, either cited by defendant or found by this Court, which supports the proposition that a joint venturer, sublet or alter ego of the principal cannot collect on the Bond and defendant's reliance on *United States ex rel. Briggs v. Grubb*, 358 F.2d 508 (9th Cir. 1996) and *American Cas. Co. v. Assiran*, 289 F. Supp. 645, 646 (D.Mass. 1968), [also cited by AIG] is misplaced. These are federal question cases decided under the Miller Act and are inapplicable to the present case. Therefore and notwithstanding that plaintiff may have assumed the role alleged by defendant, there is nothing which would preclude it from recovering." *Cleveland Wrecking*, 2001 WL 1823604 at *4. On this basis, the court denied summary judgment because it found that there was nothing to prevent the plaintiff, even if indeed a joint venturer, from making a claim as a matter of law on the bond under New York law.

In *Toporoff Engineers, P.C. v. Fireman's Fund Ins. Co.*, 371 F.3d 105, 109 n.1 (2d Cir. 2004), the Second Circuit held that the circumstances under which a joint venturer may be precluded from claiming under a surety payment bond is not settled under New York law. Therefore, the appellate court found that the district court's reliance on federal authority to

4

1  conclude that joint venturers are always improper claimants is unavailing. *Id.* The court
2  specifically found that the cases interpreting the federal Miller Act, cited by AIG for the
3  proposition that the joint venturer exclusion should apply, were inapposite.
4      Although not binding authority, the Court is persuaded by this New York authority.
5  There is no indication in any of the California authority cited by Plaintiffs or found by this
6  Court that California law follows the federal prescription in cases interpreting the Miller Act
7  prohibiting joint venturers from recovering under a surety payment bond. The California
8  authorities cited by Plaintiffs stand for the proposition that in the paucity of authority
9  interpreting the California statutory construct, California courts have turned to federal cases
10 interpreting the Miller Act because the act is similar to the California statutory framework. *See,*
11 *e.g., Coast Electric Co. v. Industrial Indemnity Co.*, 144 Cal. App. 3d 879, 883 (1983);
12 *California Elec. Supply Co. v. United Pac. Life Ins. Co.*, 227 Cal. App. 2d 138, 143-44 (1964).
13 This Court is not persuaded, however, that it may import a specific limitation on a possible
14 claimant's rights where that exception has only been recognized under federal law interpreting
15 the Miller Act. Therefore, the Court DENIES Plaintiffs' motion for summary judgment on the
16 basis that it cannot rule as a matter of law that AAI may not make a claim under the surety as a
17 possible joint venturer.

18 **C.    There Exist Disputed Material Facts Regarding AAI's Status.**

19     Although the Court has found that it may not exclude AAI's claim as a matter of law,
20 the Court also notes that there are a number of material facts which are hotly disputed in the
21 record regarding AAI's status relative to the principal on the bond. Although there is
22 substantial evidence in the record indicating that AAI held itself out as a joint venturer with ETI
23 in some important aspects, the Court notes that there are at a minimum several pieces of
24 evidence proffered by AAI indicating that there were distinctions made between the two
25 companies, that ETI maintained an independent board of directors and that ETI did not function
26 as a joint venture with only a single undertaking. (*See, e.g.,* Rossi Decl., ¶ 12, Ex. 13 at AH
27 000239 (memo from AAI to AIG indicating that "[d]istinction must be made between ETI and
28 AAI. The holder of the MUNI contract is ETI. AAI is a 35% owner of ETI and has a

5

subcontract from ETI for about $54 million."); Rossi Decl., ¶ 12, Ex. 36 at 20:18-21:25, 25:16-26:1, Ex. 2 at 65:3-21, 106:13-108:8, Ex. 60 (testimony and exhibit evidencing officers of ETI took direction from ETI Board of Directors, not from AAI); Rossi Decl., ¶ 12, Ex. 8 at ¶ 7.14, Ex. 9 at 89:6-23, 91:13-20, 92:6-19, Ex. 36 at 154:8-155:17 (evidence demonstrating that at relevant times, ETI Board of Directors was controlled by majority shareholder, Skoda); Rossi Decl., ¶ 12, Ex. 2 at 53:8-18, 55:4-11 (evidence demonstrating that ETI did not function as a joint venture between AAI and Skoda with only a single undertaking).)[1] These factual disputes are a further ground for denying Plaintiff's motion for summary judgment.

**D.    There Exists a Dispute of Fact Regarding the Estoppel Defense.**

AIG contends that because of AAI's alleged misrepresentations in Project Status Reports to AIG, AAI should be estopped from asserting a claim against the bond. AIG contends that footnotes in two status reports indicated that "Costs above contract value will be funded by shareholders." (AIG Exs. 19, 20.) AIG contends that it relied upon those representations as assurance that there would be no loss upon the bond and, had it believed otherwise, it would have taken steps to protect its interests and mitigate its exposure. (*See* Healy Decl., ¶ 20.) AIG contends that once AAI undertook to disclose information about the MUNI project it was required to be truthful and disclose all material facts. *See Vega v. Jones, Day, Revis & Pogue*, 121 Cal. App. 4th 282, 292 (2004).

In response, AAI contends that the footnote in the Progress Reports did not refer to MUNI project losses, but rather to the contract framework agreement. According to the testimony of AAI witnesses, this agreement provided that additional withholdings would be taken from the AAI and Skoda subcontracts in the amount of approximately $12 million as a cushion in the event ETI encountered increased costs. (Rossi Decl., ¶ 12, Ex. 29 at 171:1-22,

---

[1] The Court notes for the sake of clarity that its brief citations to the voluminous record are not the exclusive evidence possibly raising disputes of material issues of fact. However, because the Court has decided that the issue of AAI's status as a joint venturer is not determinative under California law, the Court merely cites a number of instances in the record where a dispute as to AAI's status has arisen to demonstrate that summary judgment would be improper on this record even in the absence of a finding that the federal exclusion is inapplicable. In addition, the Court notes AIG's objections to evidence, but as the evidence objected to was not necessary to the resolution of this motion, the Court need not rule on the admissibility of such evidence at this time.

1   195:1-13.) Because the meaning and context of the footnotes in the progress reports is
2   contested, the Court cannot determine as a matter of law that AAI should be estopped from
3   asserting a claim against the bond.

### E. There Exist Material Disputes of Fact Regarding AAI's Fraud Claims.

AIG contends that AAI may not maintain claims for misrepresentation, concealment or estoppel because AAI failed to produce evidence of an alleged misrepresentation and because AIG maintains that it does not owe a duty to disclose. AAI contends that the claims raise a genuine issue of material fact which cannot be resolved at this procedural juncture. In this regard, AAI proffers evidence that AIG failed to disclose that it did not intend to treat AAI as an eligible bond claimant and considered AAI to be 100% responsible for performance on the MUNI project, jointly with ETI, instead of merely 35% responsible as captured in the AAI Indemnity Agreement. Just as AIG contends with regard to AAI's alleged partial representations in the progress reports, citing *Jones, Day, Revis & Pogue*, 121 Cal App. 4th at 295, AAI contends that AIG owed a duty not to actively conceal or suppress facts. AAI contends that AIG had exclusive knowledge that it intended to deny a claim from AAI and to hold AAI 100% liable for ETI's performance on the MUNI project and intended not to limit AAI's liability to 35% as captured by the parties' indemnity agreement. AIG counters that because the bond was underwritten at the request and application of AAI and Skoda as the shareholders and joint venturers of ETI, it had no reason to assume that AAI would assert a claim on the bond. However, the Court has found that the joint venturer exclusion does not apply in this context and further, that even if it did, there are disputes regarding AAI's status. Therefore, the Court cannot find as a matter of law that AAI may not maintain its claims for misrepresentation, concealment or estoppel. In addition, AIG's argument that AAI may not recover under its unjust enrichment claim is premised upon the finding that AAI undertook its obligations to perform under the MUNI contract with knowledge that it would assume the costs, liabilities and obligations of completing the project as a joint venturer with the bond principal, ETI. Again, the Court may not at this procedural juncture may such a finding as a matter of law and the motion as to all of AAI's claims sounding in fraud is DENIED.

7

**CONCLUSION**

For the foregoing reasons, Plaintiffs and Counterclaim Defendants AIG's motion for summary judgment is HEREBY DENIED.

**IT IS SO ORDERED.**

Dated: March 7, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE