United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, a corporation, and AMERICAN HOME ASSURANCE COMPANY, a corporation,<br><br>    Plaintiffs,<br><br>  v.<br><br>ELECTRIC TRANSIT INCORPORATED, an Ohio corporation and joint venture of SKODA, a.s., a corporation, SKODA, a.s., SKODA OSTROV, s.r.o., a corporation, AAI CORPORATION, a corporation, and CZECH EXPORT BANK, a corporation,<br><br>    Defendants.<br>_____ / | No. C 04-03435 JSW<br><br>**ORDER GRANTING MOTION TO STRIKE** |

    Now before the Court is the motion to strike filed by Defendant, Counterclaim Plaintiff and Third-Party Plaintiff AAI Corporation ("AAI"). The motion seeks to strike certain of the claims and defenses of Plaintiffs and Counterclaim Defendants National Union Fire Insurance Company of Pittsburgh, Pennsylvania and American Home Assurance Company, and Third-Party Defendant, American International Group, Inc. (collectively "AIG"). Having carefully considered the parties' arguments, the relevant legal authority, the Court hereby GRANTS AAI's motion to strike.

**BACKGROUND**

The basic underlying facts are known to the parties and to the Court. The central dispute now before this Court is the effect of its prior order denying summary judgment to AIG on the basis that AAI functioned as an insider and is therefore not entitled to payment on the subject bond as a matter of law. The Court, in its order dated March 7, 2007, determined that federal case law interpreting the Miller Act did not act to import a specific limitation on a possible bond claimant's rights where the subject bond did not cover a federal public works project, where the United States was not a party, and where the bond, by its own terms, was subject to the California Civil Code. The Court adopted as persuasive the reasoning of the New York district court and the Second Circuit in finding that the Court may not import federal authority to preclude recovery to a joint venturer on a bond under unsettled state law.

AAI moves this Court to strike all references to AIG's proposed claims, prayers for relief and affirmative defenses which rely upon whether AAI functioned as an insider and was therefore precluded from recovering on the bond as a matter of law. AAI contends that in rejecting AIG's "insider" defense and the federal cases upon which AIG relied, the Court determined that AIG should not be permitted to introduce the theory of defense relating to the joint venture or alter ego defense that the Court held inapplicable as a matter of law. AAI moves therefore to strike the following claims, prayers for relief and affirmative defenses of AIG: Counts I, II at ¶ 29, III and paragraphs 1, 2, 3, 5 and 6 of AIG's "prayer" as set forth in AIG's complaint for declaratory relief and the Second, Third, Fourth, Seventh, Eighth, Ninth, Eleventh, Twelfth, Thirteenth, Fourteenth, and Thirty-First affirmative defenses, as set forth in AIG's answer to AAI's counterclaims and third party complaint.

The Court will address additional specific facts as required in the analysis.

**ANALYSIS**

**A.     Standard Applicable to Motions to Strike.**

Federal Rule of Civil Procedure 12(f) provides that a court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Immaterial matter "is that which has no essential or important relationship to the claim

for relief or the defenses being pleaded." *California Dept. of Toxic Substance Control v. ALCO Pacific, Inc.*, 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002) (internal citations and quotations omitted). Impertinent material "consists of statements that do not pertain, or are not necessary to the issues in question." *Id*. Motions to strike are regarded with disfavor because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice. *Colaprico v. Sun Microsystems Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw unwarranted inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike. *California Dept. of Toxic Substances Control*, 217 F. Supp. at 1028.

**B.     Scope of the Alleged Insider Defense.**

AIG contends that although the Court made a specific ruling on the inapplicability of the insider defense, the Court did not make specific findings of fact regarding the relationship between AAI and ETI, nor did it rule on the legal defenses and obligations applicable to joint venturers and alter egos. However, the cases upon which the Court relied in its order denying summary judgment clearly anticipate that the insider defense would include defenses by virtue of the claimant's status as a joint venturer or alter ego.

In *Cleveland Wrecking Co. v. Nova Casualty Co.*, the New York district court reasoned that "[t]here is nothing under the laws of New York, either supported by defendant or found by this Court, which supports the proposition that a *joint venturer, sublet or alter ego* of the principal cannot collect on the Bond and defendant's reliance on [federal cases relied upon by AIG for the federal exclusion] is misplaced." 2001 WL 1823604, at *4 (W.D.N.Y. Nov. 21, 2001) (emphasis added). The New York district court found, and this Court adopted the same reasoning, that both joint venturer and alter ego theories are legally insufficient to bar a potential claimant's standing under a bond. According to the case relied upon by this Court, the same theory and reasoning applies for all forms of "insidership," whether they be based on status as a joint venturer, sublet or alter ego.

3

In *Toporoff Engineers, P.C. v. Fireman's Fund Insurance Co.*, the Second Circuit Court of Appeals reasoned that the circumstances under which a joint venturer may be precluded from claiming under a surety bond is not settled under New York law, and therefore the federal preclusion under the Miller Act does not apply. 371 F.3d 105, 109 n.1 (2d Cir. 2004). The *Toporoff* court made no distinction between joint venturers and the general "insider" defense as cited by the federal cases also relief upon by AIG. *Id.* Even the federal Miller Act cases relied upon by AIG in its briefing, and found inapposite by this and the New York courts, fail to draw a distinction among "a wholly owned subsidiary, alter ego, joint venture, or other related 'friendly company.'" *See, e.g., Johnson Pugh Mechanical, Inc. v. Landmark Construction Corp.*, 318 F. Supp. 2d 1057, 1072-73 (D. Colo. 2004).

Because there is no indication that the law relied upon both by the parties and the Court supports the contention that there is a legally significant distinction between the alleged insider defense and the status of a potential bond claimant as a joint venturer, alter ego, or some other similar sort of relation of insidership, the Court does not adopt such a distinction. By its order denying summary judgment issued on March 7, 2007, this Court determined that AIG should not be permitted to introduce the theory of defense relating to the joint venture or alter ego relationship between AAI and ETI.

**CONCLUSION**

For the foregoing reasons, Defendant, Counterclaim Plaintiff and Third-Party Plaintiff AAI's motion to strike is HEREBY GRANTED.[1]

**IT IS SO ORDERED.**

Dated: June 4, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] By this Order, the Court makes no ruling on the admissibility at trial of any specific piece or category of evidence, as that is not properly before the Court at this time.