1    David C. Veis - *dcveis@rkmc.com* (SBN 83135)
     Robert C. Haase, Jr. - *rchaase@rkmc.com* (SBN 27308)
2    Edward D. Lodgen - *edlodgen@rkmc.com* (SBN 155168)
     ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
3    2049 Century Park East, Suite 3700
     Los Angeles, CA  90067-3211
4    Telephone:     310-552-0130
     Facsimile:      310-229-5800

5

6    Attorneys for Plaintiffs and Counterclaim Defendants,
     National Union Fire Insurance Company of Pittsburgh,
7    Pennsylvania and American Home Assurance Company, and
     Third Party Defendant American International Group, Inc.

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11   NATIONAL UNION FIRE INSURANCE         Case No.  C-04-03435 JSW (MEJ)
     COMPANY OF PITTSBURGH,
12   PENNSYLVANIA, a corporation, and      **SURETIES' NOTICE OF MOTION
     AMERICAN HOME ASSURANCE COMPANY, a    AND MOTION TO ALLOW
13   corporation,                          AMENDMENT OF EXPERT'S
                                           REPORT**
14             Plaintiffs,
                                           [Filed Concurrently with Declarations of
15        v.                               D. Veis and E. Muramoto; Proposed Order;
                                           Motion for Order Shortening Time for
16   ELECTRIC TRANSIT INCORPORATED, an Ohio Hearing]
     corporation and joint venture of SKODA, a.s., and
17   AAI corporation, a Maryland corporation, SKODA,
     a.s., SKODA OSTROV, s.r.o., a corporation, AAI
18   CORPORATION, a corporation, and CZECH
     EXPORT BANK, a corporation,          Date:          August 10, 2007
19                                         Time:          9:00 a.m.
               Defendants.                 Courtroom:     2
20
     _____
21   AND RELATED CLAIMS                    **Assigned to Hon. Jeffrey S. White**

22

23

24

25

26

27

28

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

**TABLE OF CONTENTS**

Page

I.    SUMMARY OF ARGUMENT. ....................................................................................... 2

II.   THE NINTH CIRCUIT ALLOWS LATE AMENDMENT OF EXPERT REPORTS WHERE, AS HERE, THE OPPOSING PARTY CANNOT DEMONSTRATE IT WOULD BE "UNDULY PREJUDICED" IF THE AMENDMENT IS PERMITTED. ............................................................................ 5

III.  FIRESTONE'S REPORT OBSERVES THAT AAI'S BOND CLAIM IS AN ATTEMPT TO RECOVER EQUITY CONTRIBUTIONS AAI MADE TO ETI, AND DISCOVERY REVEALED THE DEFENDANTS' RECOGNITION OF THIS FACT; THESE FACTS PRECLUDE ANY CLAIM OF "UNDUE PREJUDICE." ......................................................................................................... 7

IV.  THE SURETIES' ANSWER ALLEGES THE DEFENDANTS BREACHED THE IMPLIED COVENANT OF GOOD FAITH, AND FIRESTONE'S REPORT CITES FACTS SUPPORTING THIS CLAIM.  CONSEQUENTLY, THERE WOULD BE NO 'UNDUE PREJUDICE' IF THE REPORT FULLY ADDRESSED THIS ISSUE. ..................................................................................... 8

V.   THE DEFENDANTS HAVE AGGRESSIVELY OPPOSED THE SURETIES' ESTOPPEL DEFENSE, AND THE SURETIES' NOV. 2006 MSJ ON THIS ISSUE CITED FACTS SUPPORTING THIS DEFENSE; ACCORDINGLY, THE DEFENDANTS CANNOT CLAIM SURPRISE OR "UNDUE PREJUDICE." ................ 9

VI.  THE AMENDMENT SHOULD BE ALLOWED BECAUSE EXPERT DEPOSITIONS HAVE NOT COMMENCED, THE SURETIES WILL STIPULATE TO REASONABLE DISCOVERY MODIFICATIONS, AND THE SURETIES PROMPTLY SOUGHT RELIEF FOLLOWING THE JUNE 4 ORDER. .............................................................................................................. 11

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

# TABLE OF AUTHORITIES

**Page**

**Cases**

Amersham Pharmacia v. The Perkin Elmer Corp.,
   190 F.R.D. 644, 648-649 (N.D. Cal. 2000)....................................................................... 6

Atmel Corp. v. Macronix America, Inc.
   2000 U.S. Dist. LEXIS 22635, p. 31 (N.D. Cal. 2000)........................................ 5, 11

Johnson v. Sacramento County,
   2007 U.S. Dist. LEXIS 6298 (E.D. Cal. 2007) .................................................. 5, 11

Wendt v. Host Int'l, Inc.,
   125 F.3d 806, 814 (9th Cir. 1997)........................................................................ 5, 7

**Statutes**

Federal Rule of Civil Procedure
   Rule 26(a)............................................................................................................... 5

Federal Rule of Civil Procedure
   Rule 37 .................................................................................................................. 6

Federal Rule of Civil Procedure
   Rule 37(c)(1) .......................................................................................................... 5

Federal Rule of Civil Procedure
   Rule 26 .................................................................................................................. 6

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

TO THE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 10, 2007 at 9:00 a.m. or as soon as this matter may be heard, Plaintiffs and Counterclaim Defendants, National Union Fire Insurance Company of Pittsburgh, PA., American Home Assurance Company, and Third-Party Defendant, American International Group, Inc. (collectively "SURETIES") will move this Court for an order permitting the SURETIES to amend the expert report previously prepared by the SURETIES' designated expert Sydney Firestone and served on defendants AAI Corporation ("AAI"), Electric Transit Incorporated ("ETI"), and Skoda (collectively "defendants").

This Motion requests that Ms. Firestone be allowed to amend her expert's report by providing her expert analysis and opinions on the following three issues :

1.      Whether AAI's claim constitutes an attempt by AAI to recover its contributions of equity capital, loans or business losses (Business Loss Defense),;

2.      Whether AAI's and ETI's conduct injured or frustrated the right of AIG to receive the benefits of the indemnity agreement (Breach of Good Faith and Fair Dealing Defense);

3.      Whether AAI's representations and assurances, including but not limited to the representations and assurances contained in status reports provided to the Sureties, are consistent with the financial and other contemporaneous reports prepared by AAI and ETI (Estoppel Defense).

The instant Motion is based on this Notice, the attached memorandum of Points and Authorities, the Declaration of SURETIES' attorneys David Veis and Edward Muramoto, and any and all authorities, documents, and oral argument presented in support of this Motion.

Dated: June 14, 2007          **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By: _____
        David C. Veis
        Edward D. Lodgen
        Counsel for Plaintiffs and Counterclaim-Defendants
        National Union Fire Insurance Company of Pittsburgh, PA.
        and American Home Assurance Company and Third-Party
        Defendant American International Group, Inc.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

I.    **SUMMARY OF ARGUMENT.**

The Ninth Circuit allows experts to amend their reports after the deadline for expert disclosure <u>where the opposing party would not suffer **"undue prejudice"** as a result of the amendment.</u>   Here, the defendants will not suffer undue prejudice if the SURETIES' expert provides the proposed amendment because the defendants have enjoyed substantial prior notice and discovery regarding the facts and issues that are the subject of the proposed amendment.

The deadline for serving expert reports was March 20, 2007, and on that date the SURETIES served defendants with an expert report prepared by Sydney Firestone (the "Report"). A true copy of the Report is attached as Exhibit C.

Ms. Firestone's Report focused on the ***application of the case facts*** to the SURETIES' theory of relief based on the alter ego defense.  *Without waiving any other defenses,* the Report prepared by Ms. Firestone sought to streamline the issues for all parties and the Court by focusing the analysis on whether AAI and ETI were alter egos.  The Report was limited and focused on this issue because the SURETIES believed in good faith that the alter ego defense addressed in the Report would provide ***the most direct and dispositive defense***.  **{fn [1]}**

Following the parties' exchange of expert reports, AAI filed its Motion to Strike the SURETIES' insider defenses.  The court granted AAI's Motion on June 4, and as a result Ms. Firestone's analysis and application of the case facts ***to the alter ego defense*** may not simplify the issues as anticipated, and may not be dispositive.

Due to these events, the SURETIES request that this court allow Ms. Firestone to amend her Report by applying the case facts to the following three other surety defenses:

1.    On the Business Loss Defense -  whether AAI's claim on the surety bond constitutes an attempt to recover equity contributions, loans or business losses which AAI made

---

[1]/    While the SURETIES requested that Ms. Firestone focus her expert Report by applying the case facts to the alter ego doctrine, that request was made not as a means of "hiding the ball" on other issues or defenses, or gaining some bad faith tactical advantage over defendants. Instead, that request was made simply as a means of streamlining the case and arguments, simplifying the issues for defendants and SURETIES and this Court, and focusing Ms. Firestone's efforts on a defense ("alter ego") which the SURETIES in good faith believed to be a critical and dispositive defense to AAI's bond claim.

(Declaration of David Veis, at ¶¶ 2 - 7, filed concurrently with this Motion.)

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    to ETI which are not covered by payment bond;

2           2.      On the Breach of Good Faith and Fair Dealing Defense - whether AAI's conduct

3    injured the SURETIES' right to receive the benefits of the SURETIES' collateral and rights under

4    the various indemnity agreements; and

5           3.      On the Estoppel Defense – whether AAI's representations to the SURETIES are

6    consistent with financial and other contemporaneous reports prepared by defendants.

7          On June 8, 2007, promptly after the court's June 4 decision striking insider-based

8    defenses, the SURETIES wrote to counsel for defendants.  The letter constituted the SURETIES'

9    "meet and confer" and sought an agreement from defendants allowing Ms. Firestone to amend her

10    Report.  In the alternative, the SURETIES' letter requested a stipulation to shorten time for a

11    hearing on a Motion To Allow Amendment of the Report.  A copy of SURETIES' June 8, 2007,

12    correspondence is attached hereto as Exhibit A.

13          On June 12, 2007, AAI denied the SURETIES' request to stipulate and allow Ms.

14    Firestone to amend her Report.  A true copy of AAI's June 12, 2007, letter is attached as Exh. B.

15          Contrary to the erroneous suggestion by AAI in its June 12 letter, this Motion and the

16    identified additional defenses proposed to be addressed in the amended Report are ***not*** premised

17    on the ETI/AAI relationship.  The Business Loss Defense relates to whether or not the claim

18    asserted by AAI relates to it providing labor and materials enhancing the project or whether its

19    claim is based upon capital contributions, loans and business losses which are not recoverable

20    against a payment bond.

21          Similarly, the Good Faith and Fair Dealing Defense is not based upon the relationship

22    between AAI and ETI.  Instead it is based upon AAI's failure to provide notice of ETI's non-

23    payment under the purported AAI subcontract, which resulted in contract funds which were the

24    collateral security of the SURETIES to be dissipated.  This was to the SURETIES' detriment, and

25    resulted in the SURETIES' indemnity rights being interfered with, lost, or impaired.

26          Finally, the Estoppel Defense is based upon AAI's representations to the SURETIES at

27    critical times and the SURETIES detrimental reliance thereon.  This defense is not premised upon

28    the relationship between ETI and AAI.      Instead it is based upon the conduct and

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1   misrepresentations of AAI, and the reasonable reliance by the SURETIES to their detriment.

2         Thus, contrary to the suggestion of AAI, this Motion is not an effort to refuse to accept the

3   Court's ruling relative to the AAI-ETI relationship.  Instead, this Motion is made promptly - - a

4   few days after the Court's striking the insider defense - - and seeks the Court's permission to

5   amend the Report to address three defenses, none of which are based on the insider defense.

6         Prior to the Court's June 4 ruling, the SURETIES repeatedly emphasized in its filings and

7   oral arguments that while the insider defense constituted one of the SURETIES' primary

8   defenses, it was not its only defense.  The SURETIES' request that Ms. Firestone focus her

9   Report on the alter ego defense was never intended as a waiver of the SURETIES' other defenses.

10   The SURETIES merely sought to streamline this litigation by focusing on the insider defense as it

11   believed it to be the ***most direct and dispositive issue-resolving defense***.  Now that the Court has

12   ruled on the inapplicability of the insider defense, the SURETIES merely seek to refocus the

13   expert's Report on three of the SURETIES other defenses.

14         The defendants would not be surprised or unduly prejudiced by the proposed amendment

15   because their prior notice of the three issues and the facts addressing these issues is evidenced by

16   the following: (1) Ms. Firestone's current Report opines that AAI's bond claim constitutes an

17   attempt by AAI to recover equity contributions AAI made to ETI, and discovery has revealed the

18   defendants prior knowledge of this fact, (2) the SURETIES' defense based on the defendants'

19   "breach of the implied covenant" is asserted in the SURETIES' Answer, and (3) the parties have

20   aggressively investigated and litigated the SURETIES' estoppel argument as reflected by the

21   substantial discovery on this issue and the numerous factual and legal arguments presented by the

22   defendants in their opposition to the SURETIES' MSJ seeking judgment based on estoppel.

23         Moreover, the defendants have ample time to respond to the SURETIES' amended Report

24   because **expert depositions have not commenced** (as of the filing of this Motion), and the

25   SURETIES have agreed to stipulate to reasonable modifications of the expert deposition

26   schedule to address any concerns the defendants may have regarding the SURETIES' amended

27   Report.  In sum, the defendants shall not suffer undue prejudice as a result of the proposed

28   amendment and therefore the SURETIES respectfully request this court grant this Motion.

## II.   THE NINTH CIRCUIT ALLOWS LATE AMENDMENT OF EXPERT REPORTS WHERE, AS HERE, THE OPPOSING PARTY CANNOT DEMONSTRATE IT WOULD BE "UNDULY PREJUDICED" IF THE AMENDMENT IS PERMITTED.

FRCP Rule 37(c)(1) provides : "A party that without substantial justification fails to disclose information required by Rule 26(a) [expert witness disclosure] shall not, **unless such failure is harmless**, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." (Emph. added.)  The exclusionary penalty described in Rule 37 extends to situations where parts of an expert's opinion are not disclosed within the deadline established for expert witness disclosure, and the opposing party seeks to exclude the late opinions based on undue prejudice, and the unavailability of lesser sanctions.  (Johnson v. Sacramento County, 2007 U.S. Dist. LEXIS 6298 (E.D. Cal. 2007).)

The Ninth Circuit consistently cites five factors that a district court must weigh in analyzing exclusionary sanctions under Rule 37 :

(1) the public's interest in expeditious resolution of litigation;

(2) the court's need to manage its docket;

(3) the risk of prejudice to defendants;

(4) the public policy favoring disposition of cases on their merits; and

(5) the availability of less drastic sanctions.

(Wendt v. Host Int'l, Inc., 125 F.3d 806, 814 (9th Cir. 1997).)

In analyzing these five factors, the Honorable D. Lowell Jensen of the Northern District of California observed that the first and second factors generally support exclusion, while the fourth weighs against exclusion, and therefore the determination of whether evidence and testimony should be excluded under Rule 37 is primarily decided based on the factors addressing the "risk of prejudice to the opposing party" and the "availability of less drastic sanctions" :

> **Thus, the third and fifth factors, prejudice and availability of less drastic sanctions, are _decisive._**  (Atmel Corp. v. Macronix America, Inc. 2000 U.S. Dist. LEXIS 22635, p. 31 (N.D. Cal. 2000); emph. added.)

SURETIES' MOTION TO ALLOW AMENDMENT
OF EXPERT'S REPORT

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

Similarly, in <u>Amersham Pharmacia v. The Perkin Elmer Corp.</u>, 190 F.R.D. 644, 648-649 (N.D. Cal. 2000), Chief Magistrate Judge Edward Infante of the Northern District addressed a defendant's violation of Rule 26's disclosure requirements arising from the late disclosure of a publication directly relevant to the parties' patent dispute.  The court allowed the late disclosure, finding that the opposing party could not demonstrate the existence of **"undue prejudice"** and therefore the public policy favoring resolution of cases on their merits prevailed over Rule 37's exclusionary sanction :

> **Exclusion sanctions based on alleged discovery violations are generally improper absent undue prejudice to the opposing side.**  (Citation omitted.) The possibility that the [late disclosure of the patent publication] might influence the outcome of the litigation in Perkin-Elmer's favor does not constitute prejudice. See, Deakyne v. Commissioner of Lewes, 416 F.2d 290, 300 (3rd Cir. 1969) (amendment is to be freely allowed in order to **present the merits of the controversy**, if the opposing party is not actually prejudiced.) ... **Nor is delay alone a sufficient measure of prejudice.**  (Citation omitted.)  In contrast, the result Amersham urges may prejudice Perkin-Elmer and **deprive the trier of fact of relevant evidence** if the Japanese patent publication is excluded from the litigation. This result is wholly unwarranted in the absence of any indicia of bad faith.  See, Freeman v. Package Machinery Co., 865 F.2d 1331, 1341 (1st Cir. 1988) (holding that **lower court is well within its discretionary authority in declining to impose the extreme preclusion sanction, in the absence of willfulness, bad faith or significant prejudice**)... Preclusion of evidence or testimony is a grave step, and is by no means an automatic response to a delayed disclosure.  (<u>Amersham Pharmacia v. The Perkin Elmer Corp.</u>, 190 F.R.D. 644, 648-649 (N.D. Cal. 2000); 2000 U.S. Dist LEXIS 1142, at 15-16; emph. added.)

In the instant action, the defendants would suffer no unfair surprise or undue prejudice as a result of the SURETIES' proposed amendment because the defendants have not only been fully

1    aware of the three defenses which the SURETIES seek to address in the amended Report, but the

2    defendants have also been aware of the *facts* supporting these three defenses.  In the amended

3    Report proposed by the SURETIES, Ms. Firestone's analysis of the facts of this case would

4    ***remain the same, or substantially the same*** ; the facts analyzed in her original Report and any

5    additional facts and opinions would merely be applied in the context of the three defenses, all of

6    which have been investigated and aggressively litigated by the defendants from the inception of

7    this suit, or at least throughout discovery.

8         In light of the Court's recent June 4 order striking the SURETIES' insider defense, it is

9    critically important that the SURETIES and Ms. Firestone be allowed to amend the Report **to**

10   **ensure this suit is decided on the merits.**  (Wendt v. Host Int'l, Inc., 125 F.3d 806, 814 (9th Cir.

11   1997) [public policy favoring disposition of cases on their merits is one of the five factors that

12   must be weighed in analyzing whether exclusion is appropriate].)  As demonstrated below, the

13   defendants shall not suffer undue prejudice as a result of the proposed amendment, and therefore

14   the SURETIES respectfully request the court grant this Motion.

15

16   **III.    FIRESTONE'S REPORT OBSERVES THAT AAI'S BOND CLAIM IS AN**

17   **ATTEMPT TO RECOVER EQUITY CONTRIBUTIONS AAI MADE TO ETI,**

18   **AND DISCOVERY REVEALED THE DEFENDANTS' RECOGNITION OF THIS**

19   **FACT; THESE FACTS PRECLUDE ANY CLAIM OF "UNDUE PREJUDICE."**

20        With respect to the first proposed amendment, the SURETIES contend that AAI's claim

21   constitutes an attempt by AAI to recover its contributions of equity capital provided to ETI.  The

22   SURETIES contend that such claims are not covered by payment bonds.  The defendants cannot

23   claim that they were unaware of the facts and circumstances the SURETIES rely upon in support

24   of this defense because Ms. Firestone's current Report concludes that AAI provided funding and

25   equity capital necessary for ETI to stay afloat and these amounts became the basis for its present

26   claim. (See, Report, at ¶¶ 15, 19-26; attached as Exhibit C.)

27        Importantly, the SURETIES' document production requests and AAI's and ETI's

28   production of documents focused on whether AAI's bond claim constituted an attempt to obtain

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1   compensation for the equity contributions AAI made to ETI.  Additionally, depositions taken last

2   year also addressed this defense.  (See, excerpts of SURETIES' document demands, attached as

3   Exhibit D; see also, excerpts of depositions of AAI's James Perry, and ETI's Philip Gansert,

4   attached as Exhibits E and F, respectively.)

5          Moreover, in the SURETIES' Opposition to AAI's Motion to Strike, the SURETIES

6   specifically argued that "The claim asserted by AAI is not one for labor and materials supplied to

7   the project, but is to recover AAI's funding of ETI's working capital shortages, loans and

8   financing – these being business losses not recoverable upon the payment bond."  (See,

9   SURETIES' Opposition to Motion to Strike, filed April 27, 07, at page 1, lines 14-19; excerpt

10  attached as Exhibit G.)  In sum, the defendants have been acutely aware of this defense as well as

11  the facts supporting this defense for at least several months, and therefore they would suffer no

12  surprise or undue prejudice if Ms. Firestone's Report was amended to fully address and apply the

13  case facts to the SURETIES' defense that the payment bond does not cover AAI's attempt to

14  recover its equity contributions made to ETI.

15

16  **IV.    THE SURETIES' ANSWER ALLEGES THE DEFENDANTS BREACHED THE**

17  **IMPLIED COVENANT OF GOOD FAITH, AND FIRESTONE'S REPORT CITES**

18  **FACTS SUPPORTING THIS CLAIM.  CONSEQUENTLY, THERE WOULD BE**

19  **NO 'UNDUE PREJUDICE' IF THE REPORT FULLY ADDRESSED THIS ISSUE.**

20         With respect to the second defense, the SURETIES contend that the defendants' conduct

21  injured and frustrated the SURETIES' right to receive the benefits of the indemnity agreements

22  and constitute a breach of the implied covenant of good faith and fair dealing, thereby

23  exonerating the bond.  The defendants cannot claim surprise because this affirmative defense is

24  specifically plead in the SURETIES' Answer, filed on May 3, 2005.  (See, SURETIES' Answer

25  at 26th Affirmative Defense.)

26         Importantly, Ms. Firestone's Report as currently written provides additional notice to the

27  defendants on this issue because it observes that AAI's and ETI's selective payments to third

28  parties - - while failing to pay AAI - - frustrated the SURETIES' rights and constituted

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

unreasonable conduct, culminating in AAI's present claim:

> "AAI's loans or advances to ETI were used to pay for purchases from subcontractors …. AAI also financed ETI by continuing to provide subcontracting services without receiving payment for all of its prior subcontracting services. AAI did not, however, choose to advance funds to ETI to pay for AAI's subcontracting services and, when ETI received payments from MUNI, both ETI and AAI chose to apply those payments to payables to third parties and to AAI's advances and unpaid seconded services, rather than to AAI's unpaid subcontracting services." (See, Report, ¶ 15; attached as Exh. C.)

Based on the foregoing, the defendants have been on notice since the filing of the SURETIES' Answer that the SURETIES contend the defendants breached the implied covenant of good faith and fair dealing, thereby exonerating the bond. In light of the current Report's reference to facts supporting this defense, the defendants cannot claim they were unaware of this defense or the facts supporting this defense. Accordingly, the defendants would not suffer any "undue prejudice" if the Report were amended to fully address the case facts as they apply to the SURETIES' defense based on the defendants' alleged breach of the implied covenant of good faith and fair dealing.

## V.   THE DEFENDANTS HAVE AGGRESSIVELY OPPOSED THE SURETIES' ESTOPPEL DEFENSE, AND THE SURETIES' NOV. 2006 MSJ ON THIS ISSUE CITED FACTS SUPPORTING THIS DEFENSE; ACCORDINGLY, THE <u>DEFENDANTS CANNOT CLAIM SURPRISE OR "UNDUE PREJUDICE."</u>

On the third defense for which the SURETIES seek Ms. Firestone's amended opinion, the SURETIES contend that the defendants' conduct and their assurances contained in status reports provided to the SURETIES were reasonably and detrimentally relied upon by the SURETIES, and operate to estop AAI from prevailing on its bond claim. As part of the estoppel defense, the SURETIES contend that the defendants misrepresented the true state of facts regarding the status

of the MUNI Project and lulled the SURETIES into a false sense of security, preventing the SURETIES from taking steps to protect themselves against the potential liability represented by AAI's present bond claim. (See, SURETIES' Motion for Summary Judgment filed November 13, 2006, at pages 19-21; excerpt attached as Exhibit H.)

Ms. Firestone's amended Report would address whether AAI's representations and assurances, including but not limited to the representations and assurances contained in status reports provided to the Sureties, are consistent with financial and other contemporaneous reports which were prepared by AAI and ETI and used by the defendants internally or which were otherwise not provided to the SURETIES. In her capacity as a forensic accountant, Ms. Firestone shall also opine on whether the defendants' representations and assurances as made to the SURETIES, when compared to other financial data prepared by the defendants, comply with generally accepted accounting principles, and other standards for reporting financial information.

The defendants cannot claim surprise or undue prejudice because they have been aware of the SURETIES' estoppel defense - - and the facts supporting this defense - - for at least the past several months. This specific defense and the facts supporting the defense were presented and fully briefed in the SURETIES' Motion for Summary Judgment (filed November 13, 2006, at pages 19-21; excerpt attached as Exhibit H), and AAI responded to this defense and supporting facts in its Opposition to MSJ (filed December 29, 2006, at pages 19-21; excerpt attached as Exhibit I).

Additionally, Ms. Firestone's current Report provides the defendants with additional analysis of facts applicable to the SURETIES' estoppel defense as she observes : "AAI further acknowledged its financial commitment to ETI in a series of reports to AIG…." (See, Report, ¶ 25; attached as Exh. C.)

Moreover, in AAI's Reply Brief submitted in support of its recent Motion to Strike, AAI acknowledged the SURETIES' claim for relief based on estoppel and assured this court that **"AAI's Motion to Strike Does Not Seek to Preclude AIG's Estoppel Argument."** (See, AAI's Reply Brief supporting its Motion to Strike, filed May 4, 2007, at p. 11, lines 5-6, and 21-22; emph. added; excerpt attached as Exh. J.) Accordingly, the defendants have enjoyed ample

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1  notice of the estoppel defense as well as the facts supporting this defense, and therefore they

2  cannot demonstrate unfair surprise or undue prejudice if Ms. Firestone amended her Report to

3  fully apply the case facts to this defense.

4

5  **VI.    THE    AMENDMENT    SHOULD    BE    ALLOWED    BECAUSE    EXPERT**

6       **DEPOSITIONS    HAVE    NOT    COMMENCED,    THE    SURETIES    WILL**

7       **STIPULATE    TO    REASONABLE    DISCOVERY    MODIFICATIONS,    AND    THE**

8       **SURETIES PROMPTLY SOUGHT RELIEF FOLLOWING THE JUNE 4 ORDER.**

9       Importantly, exclusion of the proposed amendment is particularly inappropriate here, not

10  only because of the absence of undue prejudice, but also because lesser and more appropriate

11  sanctions - - such as discovery modifications - - are available to mitigate any *potential* prejudice.

12  (Johnson v. Sacramento County, 2007 U.S. Dist. LEXIS 6298 [court declined to strike tardy

13  expert's testimony because it would "gut plaintiff's case" (Id. at p. 4), the opposing party was not

14  "substantially prejudiced" (Id. at p. 5), and lesser sanctions, such as discovery modifications,

15  were available to address any unfairness (Id. at 11.)]; see also, Atmel Corp., 2000 U.S. Dist.

16  LEXIS 22635, p. 32 [exclusion of evidence and testimony under Rule 37 turns on the "risk of

17  prejudice to the opposing party" and the "availability of less drastic sanctions"].)

18       Expert depositions have not yet commenced (as of the filing of this Motion) and the

19  SURETIES have offered to stipulate to reasonable modifications of the expert witness deposition

20  schedule and rebuttal expert disclosure deadline as a means of addressing any legitimate concerns

21  the defendants may have with respect to the SURETIES' proposed amendment.  Consequently,

22  the defendants shall have ample opportunity to prepare for and depose Ms. Firestone regarding

23  her amended Report, and if the defendants believe that rebuttal experts are appropriate based on

24  the amended Report, lesser sanctions in the form of the SURETIES' stipulation to reasonable

25  discovery modifications - - including late disclosure of rebuttal experts - - ameliorates any

26  *potential* prejudice.

27       The SURETIES promptly sought the relief requested in this Motion following the Court's

28  June 4 Order striking the insider defense.  Following the Court's June 4 Order, the SURETIES

wrote the defendants on June 8 seeking a stipulation allowing the proposed amendments to Ms.

Firestone's Report.  (Exh. A.)  In a letter dated June 12, AAI's counsel refused to stipulate to

allowing the amendment.  (Exh. B.)  On June 14, the SURETIES filed this Motion.


        Based on the foregoing, the SURETIES respectfully request that the Court grant the

SURETIES' Motion to Allow Amendment of Expert's Report.

Dated:  June 14, 2007              **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**



                                    By: _____
                                        David C. Veis
                                        Edward D. Lodgen
                                        2049 Century Park East, Suite 3700
                                        Los Angeles, CA  90067-3211
                                        Telephone:  (310) 552-0130
                                        Facsimile:  (310) 229-5800

                                    Counsel for Plaintiffs and Counterclaim-Defendants
                                    National Union Fire Insurance Company of Pittsburgh,
                                    Pennsylvania and American Home Assurance Company
                                    and Third-Party Defendant American International Group,
                                    Inc.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

# EXHIBIT A

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

SUITE 3700
2049 CENTURY PARK EAST
LOS ANGELES, CA 90067-3211
TEL: 310-552-0130 FAX: 310-229-580(
www.rkmc.com

ATTORNEYS AT LAW

DAVID C. VEIS
(310) 229-5828
dcveis@rkmc.com

June 8, 2007

*__All sent via e-mail__*
Ronald R. Rossi, Esq.
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, NY 10019-6799

Theodore Low
Williams Montgomery & John, Ltd.
20 N. Wacker Drive, Suite 2100
Chicago IL 60606

Jonathan Ross
Bradley & Gmelich
535 Brand Blvd., 9th Floor
Glendale CA 91203

Re:   <u>National Union Fire Ins. Co., et al v. Electric Transit Inc., AAI Corp., et al.</u>
US District Court, Northern District of California, Case No. C 04 3435

Dear Counsel:

This letter constitutes AIG's "meet and confer" and requests the parties' stipulation permitting AIG to supplement the opinions contained in Sydney Firestone's expert report dated May 20, 2007 (the "Report"). AIG requests the parties allow Ms. Firestone to amend and supplement her Report by providing her expert opinion on the following three issues :

1.   Whether AAI's claim constitutes an attempt by AAI to recover its contributions of equity capital to ETI ;

2.   Whether AAI's and ETI's conduct injured or frustrated the right of AIG to receive the benefits of the indemnity agreement ;

3.   Whether AAI's representations and assurances, including but not limited to the representations and assurances contained in the status reports, are consistent with the financial and other contemporaneous reports prepared by AAI and ETI.

While Ms. Firestone's Report comprehensively addressed the facts dealing with these issues (AAI's equity contributions made to ETI, AAI's conduct which frustrated AIG's rights under the indemnity agreement, and AAI's representations and assurances), these facts were analyzed in the context of whether AAI and ETI were alter egos. The Report focused on the

Counsel
June 8, 2007
Page 2

***application of these facts*** to the alter ego doctrine because, at the time Ms. Firestone was retained and the Report was prepared, AIG sought to streamline, *but did not waive,* the numerous factual and legal issues in this case by focusing the Report on the alter ego doctrine. In light of the Court's June 4 order striking AIG's alter ego claim as it relates to whether AAI was a proper claimant under the insider defense, AIG seeks to amend and supplement the Report to fully and completely address facts as they relate to the three issues cited above.

The parties would suffer no prejudice as a result of AIG's request because in the proposed amended and supplemental Report, Ms. Firestone's reference to the foregoing facts would ***remain substantially the same*** ; these facts and any additional facts and opinions would merely be analyzed in the context of the three issues identified above. Moreover, any *potential* for prejudice is eliminated by the fact that expert witness depositions have not commenced, and rebuttal experts have not yet been disclosed, thereby providing the defendants with an opportunity to address, rebut, or otherwise respond to the amended and supplemental Report.

The parties cannot claim unfair surprise because, as demonstrated below, they have been aware of these three issues from the inception of this suit, or at least throughout discovery.

With respect to the first issue, AIG contends that AAI's claim constitutes an attempt by AAI to recover its contributions of equity capital provided to ETI. Such claims are not covered by payment bonds. The defendants cannot claim surprise on this issue as the current Report concludes that AAI provided funding and equity capital necessary for ETI to stay afloat and these amounts became the basis for its present claim. (See, Report, at ¶¶ 15, 19-26.) Importantly, AIG's document production requests and AAI's and ETI's production of documents focused on this issue, and several depositions taken last year dealt with this defense.

Additionally, in AIG's Opposition to AAI's Motion to Strike, AIG specifically argued that "The claim asserted by AAI is not one for labor and materials supplied to the project, but is to recover AAI's funding of ETI's working capital shortages, loans and financing – these being business losses not recoverable upon the payment bond." (AIG's Opposition to Motion to Strike, filed April 27, 07, at page 1, lines 14-19.) In sum, the defendants have been acutely aware of this issue and they would suffer no surprise or undue prejudice by allowing the proposed amended and supplemental Report.

With respect to the second issue, AIG contends that the defendants' conduct injured and frustrated AIG's right to receive the benefits of its indemnity agreement and constituted a breach of the implied covenant of good faith and fair dealing, thereby exonerating the bond. The defendants cannot claim surprise as this affirmative defense is specifically pleaded in AIG's Answer filed on May 3, 2005. (See, AIG's Answer at 26th Affirmative Defense.) Additionally, the current Report provides further notice to the defendants on this issue because it reflects that AAI's and ETI's selective payments to third parties - - while failing to pay AAI - - frustrated AIG's rights and constituted unreasonable conduct, culminating in AAI's present claim:

> "AAI's loans or advances to ETI were used to pay for purchases from subcontractors .... AAI also financed ETI by continuing to provide subcontracting services without receiving payment for all of its prior

LA1 60145904.1

Counsel
June 8, 2007
Page 3

subcontracting services.  AAI did not, however, choose to advance funds to ETI to pay for AAI's subcontracting services and, when ETI received payments from MUNI, both ETI and AAI chose to apply those payments to payables to third parties and to AAI's advances and unpaid seconded services, rather than to AAI's unpaid subcontracting services." (Report, ¶ 15.)

Finally, on the third issue, AIG contends that the assurances contained in the status reports were reasonably and detrimentally relied upon by AIG, and operate to estop AAI from prevailing on its claim.  The defendants have been aware of AIG's estoppel defense for at least the past several months because this specific argument was presented and fully briefed in AIG's Motion for Summary Judgment (at pages 19-21, filed November 13, 2006), and also addressed in AAI's Opposition to MSJ (at pages 19-21, filed December 29, 2006).  The Report provides the defendants with additional notice on this issue as it observes "AAI further acknowledged its financial commitment to ETI in a series of reports to AIG…." (Report, ¶ 25.)

Moreover, in AAI's Reply Brief submitted in support of its recent Motion to Strike, AAI acknowledges the sureties' claim for relief based on estoppel and assures this court that **"AAI's Motion to Strike Does Not Seek to Preclude AIG's Estoppel Argument."**  (AAI's Reply Brief supporting its Motion to Strike, filed May 4, 2007, at p. 11, lines 5-6, and 21-22; emph added.)  Accordingly, the defendants cannot claim surprise regarding AIG's defense of estoppel.

As demonstrated above, the proposed amended and supplemental Report requested by AIG addresses facts, defenses, and three specific issues which the defendants have been fully aware of since the inception of this suit, or have aggressively litigated for at least several months. Because expert depositions have not commenced, and rebuttal experts have not yet been disclosed, no surprise or undue prejudice would be suffered by the defendants by allowing Ms. Firestone to amend and supplement her Report by applying and expanding her existing analysis to address these three issues.

While AIG believes it may be entitled to unilaterally amend and supplement the Report without the parties' approval, AIG presents this request to prevent any misunderstanding, or objections at trial.  In light of this request, AIG offers to stipulate to, and request the court's approval for, any reasonable modification or extension of expert deposition schedules and deadlines, rebuttal expert disclosure deadlines, and exchange of supplemental reports proposed by the other parties.

Please let us hear from you regarding this request by Tuesday June 12, 2007.  If you will not stipulate to allow AIG to amend and supplement the Report, we ask that you agree to a Motion to Shorten Time.

Very truly yours,
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

David C. Veis

EXHIBIT B

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

212-506-1700

FACSIMILE: 212-506-1800

RONALD R. ROSSI
PARTNER
212-506-1947
RROSSI@KASOWITZ.COM

ATLANTA
HOUSTON
NEWARK
SAN FRANCISCO

June 12, 2007

<u>Via Electronic and Regular Mail</u>

David C. Veis, Esq.
Robins, Kaplan, Miller & Ciresi LLP
2049 Century Park East
Suite 3700
Los Angeles, CA 90067

Re:     *AIG v. Electric Transit Incorporated, et al.*
        <u>Civil Action C 04-3435 JSW</u>

Dear David:

This responds to your June 8, 2007 letter, which you characterize as a "meet and confer" on AIG's request that AAI "stipulat[e] and permit[] AIG to supplement the opinions contained in Sydney Firestone's expert report dated May 20, 2007" (the "Firestone Report"). For the reasons discussed below, AAI will not agree to AIG's request.

First, none of the "issues" that the proposed supplemental Firestone Report seeks to address support legally cognizable defenses. Rather, the "new" issues merely recapitulate aspects of the relationship-based "insider" defenses that the Court has now rejected in two separate orders. You are once again refusing to accept that the Court has ruled, twice, that defenses based on the alleged AAI-ETI relationship have no bearing on any issue in this case.

Second, AIG's suggestion that "it may be entitled to unilaterally amend and supplement the Report without the parties' approval . . ." is completely baseless. You cite no authority for the outlandish proposition that AIG may unilaterally amend or supplement the Firestone Report. Pursuant to Federal Rule of Civil Procedure 26(a)(2)(C), AIG and AAI were required to provide their expert disclosures by March 20, 2007. *Id.* By that date, AIG was required to provide an expert report that included, among other things, "<u>a complete statement of all opinions to be expressed</u> and the basis and reasons therefor, the data or other information considered by the witness in forming the opinions; [and] any exhibits to be used as a summary of or support for the opinions." *F.R.C.P. 26(a)(2)(B)* (emphasis added). The Firestone Report that AIG submitted to AAI on March 20, 2007 relates solely to "identifying and evaluating indicia of ETI being the alter ego of AAI as it relates to the claims asserted by AAI," (Firestone Report at ¶ 4), and makes no mention of any other issues as to which Ms. Firestone would offer an opinion at trial.

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

Third, you are wrong in suggesting that AAI is somehow not prejudiced by AIG's eleventh-hour request to supplement the Firestone Report. AIG has forced AAI to waste time and resources litigating the inapplicability of AIG's relationship-based "insider" defenses for the third time. Moreover, an amended Firestone Report would cause inevitable delay, as AAI, upon receiving it (tellingly, you have not advised us when AIG would even be serving any such amended report), would need to obtain and prepare a rebuttal expert. The bottom line is AIG made a tactical decision, initially, to have its expert opine solely on alter ego issues, and to then refrain from seeking to supplement that opinion until after the Court had issued its Order striking the sole defense (alter ego) the Firestone Report was offered to support. The deadlines imposed by the Federal Rules and the Court's Scheduling Order do not permit AIG to amend its expert reports because its litigation strategy was predicated on legally invalid defenses.

Finally, concerning your request that AAI "stipulate to an order shortening the time for the hearing" on AIG's proposed motion to supplement the Firestone Report, AAI is willing to consider such a stipulation on the condition that AIG agrees that the date for the hearing on such a motion is the same as the date for the hearing on AIG's recently filed motion to amend its answer.

Sincerely,

Ronald R. Rossi

cc:     Theodore J. Low, Esq.  (via electronic mail)
        Jonathan A. Ross, Esq. (via electronic mail)
        David Alexander, Esq. (via electronic mail)