1

2

3

4

5

6                        IN THE UNITED STATES DISTRICT COURT

7

                       FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9   NATIONAL UNION FIRE INSURANCE
    COMPANY OF PITTSBURGH,
10  PENNSYLVANIA, a corporation, and            No. C 04-03435 JSW
    AMERICAN HOME ASSURANCE
11  COMPANY, a corporation,

12              Plaintiffs,                      **ORDER GRANTING MOTION**
                                                 **FOR RECONSIDERATION;**
13      v.                                       **GRANTING MOTION TO AMEND**
                                                 **ANSWER; AND DENYING**
14  ELECTRIC TRANSIT INCORPORATED, an            **MOTION TO AMEND EXPERT**
    Ohio corporation and joint venture of SKODA, **REPORT**
15  a.s., a corporation, SKODA, a.s., SKODA
    OSTROV, s.r.o., a corporation, AAI
16  CORPORATION, a corporation, and CZECH
    EXPORT BANK, a corporation,
17
                Defendants.
18  _____/

19

20          Now before the Court is the motion for reconsideration filed by Plaintiffs and

21  Counterclaim Defendants National Union Fire Insurance Company of Pittsburgh, Pennsylvania

22  and American Home Assurance Company, and Third-Party Defendant, American International

23  Group, Inc. (collectively "AIG").  The Court has received Defendant AAI Corporation

24  ("AAI")'s opposition and AIG's reply.[1]  Also before the Court is AIG's motion to amend its

25  answer and AIG's motion to amend an expert report.  The Court finds that these matters are

26  appropriate for disposition without oral argument and are hereby deemed submitted.  *See* Civ.

27

28          _____
            [1]  The Court GRANTS AAI's motion to strike the over-sized reply brief as failing to
        comply with the Court's page requirements set out in its order granting AIG's motion for
        leave to file a motion for reconsideration.  The Court has only reviewed AIG's 10-page reply
        submission.

*United States District Court*
For the Northern District of California

1    L.R. 7-1(b).  Accordingly, the hearing set for November 16, 2007 is HEREBY VACATED.

2    Having carefully considered the motions and the relevant legal authority, the Court hereby

3    GRANTS AIG's motion for reconsideration, GRANTS AIG's motion to amend its answer and

4    DENIES AIG's motion to amend the expert report of Sydney Firestone.

5    **A.      Motion for Reconsideration.**

6            A motion for reconsideration may be made on one of three grounds: (1) a material

7    difference in fact or law exists from that which was presented to the Court, which, in the

8    exercise of reasonable diligence, the party applying for reconsideration did not know at the time

9    of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest

10   failure by the Court to consider material facts or dispositive legal arguments presented before

11   entry of the order.  Civ. L.R. 7-9(b)(1)-(3).  In addition, the moving party may not reargue any

12   written or oral argument previously asserted to the Court.  Civ. L.R. 7-9(c).

13           On August 1, 2007, this Court granted AIG leave to file a motion for reconsideration.

14   AIG moves for reconsideration for the Court to consider dispositive legal arguments that it

15   alleges the Court failed to consider initially with regard to its opposition to AAI's motion to

16   strike.  In particular, AIG contends that the Court's June 4, 2007 Order granting AAI's motion

17   to strike was overbroad.

18           On March 7, 2007, this Court issued an order denying AIG's motion for summary

19   judgment in which AIG had asserted that AAI, because of its status as an insider, did not have

20   standing to sue on the subject bond.  Subsequently, AAI moved to strike portions of AIG's

21   claims and defenses on the ground that the initial order ruled out such claims and defenses.

22   However, AAI's motion not only requested that the Court dismiss those insider defenses which

23   the Court's March 7 Order held to be unavailable to AIG, but also sought to strike other claims

24   and defenses.

25           On June 4, 2007, this Court granted AAI's motion to strike in its entirety.  The motion

26   sought to dismiss all of AIG's claims and defenses that mentioned the AAI's insider status.

27   However, the Court's March 7 Order clearly denied summary judgment to AIG on the grounds

28   that the defense that AAI was an insider and therefore not entitled to collect on the bond was

**United States District Court**
For the Northern District of California

2

1  unavailable to AIG.  The March 7 Order was not intended to adjudicate AIG's other claims and

2  defenses that did not depend on AAI's legal status as an alleged insider for the purpose of

3  determining standing to make a claim.

4        The June 4 Order properly dismissed Count I and the second, twelfth and thirteenth

5  affirmative defenses.  However, the Court finds, upon reconsideration, that the June 4 Order

6  improperly dismissed Count II, Count II, paragraphs 4 and 5 of the prayer, and the Answer's

7  third, fourth, seventh, eighth, ninth, eleventh, fourteenth and thirty-first affirmative defenses.

8  AIG's motion for reconsideration is GRANTED and those claims and defenses are reinstated.

9  **B.    Motion to Amend Answer.**

10       Federal Rule of Civil Procedure 15(a) allows a plaintiff to amend their complaint, after a

11 responsive pleading has been served, by leave of court or by consent of the adverse party.  Rule

12 15(a) provides that leave to amend "shall be freely given."  *See* Fed. R. Civ. Proc. 15(a).  The

13 Ninth Circuit has stated that "[r]ule 15's policy of favoring amendments to pleadings should be

14 applied with 'extreme liberality.'"  *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

15 Four factors are considered to determine whether a motion for leave to amend should be

16 granted.  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).  These factors

17 are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment.  *Id*.

18 While these "factors are usually used as criteria to determine the propriety of a motion for leave

19 to amend ... the crucial factor is the resulting prejudice to the opposing party."  *Howey v. United*

20 *States*, 481 F.2d 1187, 1190 (9th Cir. 1973).

21       The Court finds that there is no evidence of bad faith in bringing the proposed

22 amendment.   In order for a court to find that a moving party filed for leave to amend in bad

23 faith, the adverse party must offer evidence that shows "wrongful motive" on the part of the

24 moving party.  *See DCD Programs*, 833 F.2d at 187.

25       Second, while undue delay is a factor for denying leave to amend, "[u]ndue delay by

26 itself is insufficient to justify denying a motion to amend."  *Bowles v. Reade,* 198 F.3d 752,

27 757-58 (9th Cir. 1999).  A moving party may be precluded from asserting an amendment on the

28 basis of undue delay where the matters asserted in the amendment were known to them from the

**United States District Court**
For the Northern District of California

3

beginning of the suit. *Komie v. Buehler Corp.*, 449 F.2d 644, 648 (9th Cir. 1971) (finding that where the moving party filed a motion to amend the pleadings 31 months after the answer was filed, the trial court did not abuse its discretion in denying leave to amend).  Although the motion to amend the answer comes late in the course of this litigation, the Court does not find that the delay is undue or is sufficient to merit denying leave to amend.

Next, AAI argues that the delay in moving to amend has caused it prejudice.  The Ninth Circuit has held that undue delay may result in prejudice when a motion for leave to amend is made on the eve of the discovery deadline, which would have required reopening discovery, or when an amendment is asserted at a late stage of the action and would inevitably lead to a delay in the trial and further expense to the opposing party. *Solomon v. North Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (citations omitted); *see also McGlinchy v. Shell Chemical Co.*, 845 F.2d 802 (9th Cir. 1998) (where plaintiffs waited more than 6 months after the original complaint was filed and until after the original trial date had been vacated to attempt to amend the complaint, delay was undue, and leave to amend was properly denied). An adverse party may also suffer prejudice by undue delay when the moving party asserts a totally new and unrelated claim, which is filed at a late stage of the proceeding. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (undue delay was prejudicial where new claims set forth in the amended complaint would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense).  Here, the submissions of portions of the record indicate that AIG's new defense was basically known by all parties and further, that there has been adequate discovery on the issue. Accordingly, the Court finds AAI will suffer no prejudice if the Court grants AIG leave to amend, and this factor weighs in favor of granting the motion.

Lastly, AAI argues that the proposed amendment is futile, based on its contentions that the Court has eliminated the "insider" defense from this case.  Leave to amend is properly denied where the amendment would be futile. *DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir. 1992).  The Court does not find that the defense is an essential part of the

4

proposed amendment adding an estoppel defense.  Accordingly, the motion to amend the

answer is GRANTED.  AIG may file its amended answer.

**C.      Motion to Amend Expert Report.**

AIG moves to be allowed to amend the expert report of Sydney Firestone to provide

expert analysis on AIG's defenses that were not dismissed by the Court's ruling on March 7,

2007.

Rule 26 requires parties to disclose the identity of their expert witnesses "accompanied

by a written report prepared and signed by the witness."  Fed. R. Civ. P. 26(a)(2)(B).  Parties

are required to serve their opening and expert rebuttal reports "at the times and in the sequence

directed by the court."  Fed. R. Civ. Proc. 26(a)(2)(C).  "Rule 37(c)(1) gives teeth to these

requirements by forbidding the use at trial of any information required to be disclosed by Rule

26(a) that is not properly disclosed."[2]  *Yetti by Molly Ltd v. Deckers Outdoor Corp.*, 259 F.3d

1101, 1106 (9th Cir. 2001).  This rule excludes untimely expert witness testimony, unless the

"parties' failure to disclose the required information is substantially justified or harmless."  *Id.*;

*see also Carson Harbor Village, Ltd. v. Unocal Corp.*, 2003 WL 22038700, *2 (C.D. Cal. 2003)

("Excluding expert evidence as a sanction for failure to disclose expert witnesses in a timely

fashion is automatic and mandatory unless the party can show the violation is either justified or

harmless.") (internal quotes and citation omitted).  AIG bears the burden of demonstrating its

failure was either substantially justified or harmless.  *See Yetti by Molly*, 259 F.3d at 1107.

**1.      Substantial Justification.**

A failure to disclose testimony is not substantially justified, where, as here, the need for

such testimony could reasonably have been anticipated.  *See Wong v. Regents of the Univ. of

Calif.*, 410 F.3d 1052, 1061-62 (9th Cir. 2005).  The Court's deadline to serve opening expert

reports was March 20, 2007 (or ninety days prior to the previously set trial date of June 18,

2007).  According to AIG's own motion, the defenses it wishes Ms. Firestone to opine upon

---

[2]  Rule 37 provides in pertinent part: "A party that without substantial justification
fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response
to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to
use as evidence at a trial, at a hearing, or on a motion any witness or information not so
disclosed."  Fed. R. Civ. Proc. 37(c)(1).

5

United States District Court

For the Northern District of California

1   were known at the time of the original disclosure of the report.  AIG merely claims that it

2   sought to streamline the issues for the parties and the Court by focusing the expert report on

3   what AIG believed in good faith would be the most straightforward and dispositive analysis.

4   However, the apparent miscalculation of AIG's expert's focus is not substantial justification for

5   the late amendment.  Accordingly, the Court finds that AIG's late request to amend the

6   Firestone Report is not substantially justified.

7           **2.      Harmlessness.**

8           AIG fails to demonstrate that its failure to prepare the Report by the original deadline

9   was harmless.  The dates set for pretrial and trial have been reset twice as a result of last-minute

10  filings by both parties.  Moreover, the Court would need to delay both the pretrial conference

11  and the trial again to allow Defendants to rebut the new report and perhaps take further

12  discovery.  Disruption of the schedule of the Court and of Defendants "is not harmless."  *See*

13  *Wong v. Regents of the Univ. of Calif.*, 410 F.3d 1052, 1062 (9th Cir. 2005) (finding untimely

14  disclosure of expert witness was not harmless, "even though the ultimate trial date was still

15  some months away" where the deadlines for completing discovery and for filing motions for

16  summary judgment had expired); *see also Carson Harbor Village, Ltd. v. Unocal Corp.*, 2003

17  WL 22038700, *3 (C.D. Cal. 2003) (finding submission of untimely expert evidence would

18  substantially prejudice defendants because they would have incurred significant expenses in

19  deposing the proffered expert and in preparing an appropriate expert rebuttal and would have

20  suffered from prolonged proceedings if it were allowed).  The Court thus finds allowing

21  amendment of the Firestone Report at this stage in the litigation would not be harmless to

22  Defendants.

23          Accordingly, AIG's motion to amend the Firestone Report is DENIED.

24                              **CONCLUSION**

25          For the foregoing reasons, the Court GRANTS AIG's motion for reconsideration,

26  GRANTS AIG's motion for leave to file an amended answer, and DENIES AIG's motion to

27  allow amendment of its expert's report.

28

1    The parties were set for a case management conference to follow the hearing set on

2    these matters on November 16, 2007 at 9:00 a.m.  As the hearing has been vacated and the

3    parties failed to submit a joint case management conference statement, the Court RESETS the

4    case management conference for November 30, 2007 at 1:30 p.m.  The parties shall file a joint

5    submission no later than November 26, 2007, which details the parties' preferred dates for

6    pretrial and trial.

7

8    **IT IS SO ORDERED.**

9    Dated:  November 14, 2007

10   _____
     JEFFREY S. WHITE
     UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

7